IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, | |
| Plaintiffs, | |
| | CASE NO. _____ |
| vs. | |
| US AIRWAYS, INC., SPECIALIZED TRANSPORTATION AGENT GROUP, INC., NONSTOPDELIVERY, INC., E-FREIGHT TECHNOLOGY, INC., AND APPIAN LOGISTICS SOFTWARE, INC., | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, ArrivalStar S.A. and Melvino Technologies Limited (collectively "Melvino" or "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendants, US AIRWAYS, INC. ("US Airways"), SPECIALIZED TRANSPORTATION AGENT GROUP, INC. ("Specialized Transportation"), NONSTOPDELIVERY, INC. ("NonStopDelivery"), E-FREIGHT TECHNOLOGY, INC. ("E-Freight"), and APPIAN LOGISTICS SOFTWARE, INC. ("Appian Logistics"), hereby allege as follows:

**NATURE OF LAWSUIT**

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

## THE PARTIES

2.      ArrivalStar S.A. is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg.

3.      Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands.

4.      Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,714,859 ("the '859 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued March 30, 2004.  A copy of the '859 patent is attached hereto as Exhibit 1.

5.      Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,748,320 ("the '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network", issued June 8, 2004.  A copy of the '320 patent is attached hereto as Exhibit 2.

6.      Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel", issued October 4, 2005.  A copy of the '645 patent is attached hereto as Exhibit 3.

7.      Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay", issued April 18, 2006.  A copy of the '781 patent is attached hereto as Exhibit 4.

8. Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008.  A copy of the '970 patent is attached hereto as Exhibit 5.

9. Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005.  A copy of the '359 patent is attached hereto as Exhibit 6.

10. Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,317,060 ("the '060 patent"), entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification Messages", issued November 13, 2001.  A copy of the '060 patent is attached hereto as Exhibit 7.

11. Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,486,801 ("the '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Mobile Vehicle", issued November 26, 2002.  A copy of the '801 patent is attached hereto as Exhibit 8.

12. Defendant US Airways is a Delaware Corporation with a principal place of business located at 111 West Rio Salado Parkway, Legal Affairs, Tempe, Arizona 85281.  US Airways has locations and services customers within this Judicial District including at the West Palm Beach International Airport, Fort Lauderdale International Airport and Miami International Airport.  US Airways transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services that infringe claims

of the '359, '801, '859, '060, '320, '645, '781 and '970 patents. It also maintains a registered agent in Plantation, Florida.

13. Defendant Specialized Transportation is an Indiana Corporation with a principal place of business located at 5001 U.S. Highway 30 West, Fort Wayne, Indiana 46818. Specialized Transportation transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services that infringe claims of the '359, '801, '859, '060, '320, '645, '781 and '970 patents. It also maintains a registered agent in Tallahassee, Florida and has Distribution Centers in the Southern District of Florida, including Pompano Beach, and the Middle and Northern Districts of Florida.

14. Defendant NonStopDelivery is a Delaware Corporation with its corporate headquarters located at 14920 Bogle Drive, Chantilly, Virginia 20151. NonStopDelivery transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services that infringe claims of the '359, '801, '859, '060, '320, '645, '781 and '970 patents. NonStopDelivery "executes deliveries in every zip code and in every market across all 50 states" including Florida. Included as one of its "major market areas" is Pompano Beach, Florida. Other "major market areas" in Florida include, but are not limited to, Fort Pierce, Cape Coral, Orlando, Jacksonville, New Smyrna Beach, and Sarasota only to name a few.

15. Defendant E-Freight is a California Corporation with a principal place of business located at 2225 W. Commonwealth Avenue, # 307, Alhambra, California 91803. E-Freight transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services that infringe claims of the '359, '801, '859, '060, '320, '645, '781 and '970 patents. E-Freight provides infringing services at the Miami

International Airport, Fort Lauderdale International Airport, Palm Beach International Airport, Southwest Florida International Airport, Orlando International Airport, Tampa International Airport and many other locations and airports within Florida.

16.     Appian Logistics is an Oklahoma Corporation with a principal place of business located at 10317 Greenbriar Place, Suite 100, Oklahoma City, Oklahoma 73159.  Appian Logistics transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services that infringe claims of the '359, '801, '859, '060, '320, '645, '781 and '970 patents.  It specifically provides infringing services to Huttig Building Products which uses Appian Logistics's "Direct Route, Route Optimization Software" (which infringes the aforementioned patents) that provide truckers in Florida the ability to better handle rising fuel costs and driver shortages through automation programs that infringe the patents mentioned above.  Appian Logistics also supports Scholastic Book Fairs, a division of Lake Mary, Florida-based publisher and distributor Scholastic, with automated solutions through infringing programs of Appian Logistics, including, but not limited to, the use of Appian Logistics's "Direct Route" optimization program.

17.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

### DEFENDANT US AIRWAY'S ACTS OF PATENT INFRINGEMENT

18.     Defendant US Airways has infringed clams of the '359, '801, '859, '060, '320, '645, '781 and '970 patents through, among other activities, the use of its "BeNotified" product/service/program/system that includes tracking and messaging technologies that are protected by the '359, '801, '859, '060, '320, '645, '781 and '970 patents.  This includes, but is not limited to, arrival alerts, schedule changes, day-of-travel delays and cancellations among other infringing activities.

19. Defendant US Airway's infringement, contributory infringement and/or inducement to infringe has injured and will continue to injure Melvino until a monetary judgment is rendered in Melvino's favor and/or unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '801, '859, '060, '320, '645, '781 and '970 patents.

**DEFENDANT SPECIALIZED AGENT'S ACTS OF PATENT INFRINGEMENT**

20. Defendant Specialized Agent has infringed clams of the '359, '010, '859, '320, '645, '781 and '970 patents through, among other activities, the sale and use of its "STI Suite of Technology Services", its "End to End Visibility, Management Tools and Productivity Tools" programs/products/services/systems, and the sale and use of its "Cargo Tracking Services" which include tracking and messaging technologies that are protected within the '359, '010, '859, '320, '645, '781 and '970 patents.

21. Defendant Specialized Agent's infringement, contributory infringement and/or inducement to infringe has injured and will continue to injure Melvino unless and until a monetary judgment is entered in favor of Melvino and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '010, '859, '320, '645, '781 and '970 patents.

**DEFENDANT NONSTOPDELIVERY'S ACTS OF PATENT INFRINGEMENT**

22. Defendant NonStopDelivery has infringed claims of the '359, '010, '859, '320, '645, '781 and '970 patents through, among other activities, the sale and use of its "Technology Systems" including, but not limited to, its programs/products/services/systems named, and which provide, "Real-Time Tracking and Tracing, Multi-Level Online and e-Mail Tracking, and

6

Customized Reports" and "Real-Time Updates" which include tracking and messaging technologies that are protected within the '359, '010, '859, '320, '645, '781 and '970 patents.

23.     Defendant NonStopDelivery's infringement, contributory infringement and/or inducement to infringe has injured and will continue to injure Melvino unless and until a monetary judgment is entered in favor of Melvino and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '010, '859, '320, '645, '781 and '970 patents.

### DEFENDANT E-FREIGHT'S ACTS OF PATENT INFRINGEMENT

24.     Defendant E-Freight has infringed claims of the '359, '010, '859, '320, '645, '781 and '970 patents through, among other activities, the sale and use of its "EFT Logistics Solutions", "EFT-eCargo System" and its "E-Freight Online Real-Time Tracking and Customized Reporting" programs/products/services/systems which include tracking and messaging technologies that are protected within the '359, '010, '859, '320, '645, '781 and '970 patents.

25.     Defendant E-Freight's infringement, contributory infringement and/or inducement to infringe has injured and will continue to injure Melvino unless and until a monetary judgment is entered in favor of Melvino and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '010, '859, '320, '645, '781 and '970 patents.

### DEFENDANT APPIAN LOGISTICS'S ACTS OF PATENT INFRINGEMENT

26.     Defendant Appian Logistics has infringed claims of the '359, '010, '859, '320, '645, '781 and '970 patents through, among other activities, the sale and use of its "Tracking and

Notification" systems/programs/products/services, its "Direct Route", "DRTrack", "Territory PRO", "ResourcePRO", and "SchedulePRO" systems/services/programs/products.

27.     Defendant Appian Logistics's infringement, contributory infringement and/or inducement to infringe has injured and will continue to injure Melvino unless and until a monetary judgment is entered in favor of Melvino and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '010, '859, '320, '645, '781 and '970 patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against each particular Defendant and against each particular Defendant's subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with each particular Defendant, granting the following relief:

A.      An award of damages against each particular Defendant adequate to compensate Plaintiffs for the infringement that has occurred with respect to each particular Defendant, together with prejudgment interest from the date that each respective Defendant's infringement of the patents at issue began;

B.      Increased damages as permitted under 35 U.S.C. § 284;

C.      A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction against each particular Defendant prohibiting further infringement, inducement and/or contributory infringement of the patents at issue; and,

E.      Such other and further relief as the Court or a jury may deem proper and just in this instance.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues presented in this Complaint.

Dated: November 30, 2010.                                  Respectfully submitted,

/s/ William R. McMahon
William R. McMahon, Esquire
Florida Bar Number: 39044
McMahon Law Firm, LLC
P.O. Box 880567
Boca Raton, Florida 33488
Telephone: 561-487-7135
Facsimile: 561-807-5900
E-Mail: bill@mlfllc.com
**Attorney for Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited**